# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

        Plaintiff,

v.                                                                                Case No. 09-C-432

MILWAUKEE SECURE DETENTION FACILITY,
DONNA COOK, DOROTHY HANDY, and
TROY G. HERMANS,

        Defendants.

## DECISION AND ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint in Milwaukee County Circuit Court, alleging that his civil rights were violated. The defendants removed the case to this court, pursuant to 28 U.S.C. §§ 1441 and 1446. This matter now comes before the court on the plaintiff's motion to consolidate cases and for screening of his complaint.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

---

[1] On June 30, 2009, the plaintiff filed a motion to consolidate this case with Case No. 07-C-0823 (E.D. Wis.), which was also pending in this court, but before another judge. The plaintiff also filed a motion to consolidate in that case. In a decision and order in that case, dated August 14, 2009, United States Magistrate Judge Aaron E. Goodstein granted the defendants' motion for summary judgment and, consequently, denied as moot the plaintiff's motion to consolidate. Judgment was entered the same day, and Case No. 07-C-0823 was closed. Accordingly, the plaintiff's motion to consolidate in this case will be denied as moot.

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

-2-

Case 2:09-cv-00432-JPS   Filed 02/22/10   Page 2 of 7   Document 8

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); see also *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

-3-

## COMPLAINT ALLEGATIONS

In his complaint, the plaintiff sets forth proposed claims arising out of problems he encountered while filing his petition for writ of certiorari challenging his revocation in his criminal case. He submits that defendants Donna Cook and Dorothy Handy violated his constitutional rights because his petition was not mailed to the court when he submitted it on March 16, 2007. Additionally, the plaintiff alleges that defendant Troy Hermans, a notary public, violated the plaintiff's constitutional rights when Hermans refused to notarize a document for the plaintiff on the same date. Finally, the plaintiff contends that defendant Milwaukee Secure Detention Facility ("MSDF") - Mailroom "acted in concert to conspire and meet minds with natural persons or remaining defendants." (Complaint at 9). The plaintiff maintains that the court should pierce the corporate veil to hold the mailroom vicariously liable for all acts and omissions committed by it or its employees.

The plaintiff states that he was "unduly treated with deliberate indifference and cruel and unusual punishment either because he was part of the prison-class, or because he was rightfully exercising his First Amendment Constitutional Right to grievance the court to review his Certiorari petition, challenging his recidivism or re-confinement by the revocation of his parole supervision." (Complaint at 10-11). The plaintiff asks the court to "admonish" MSDF for the acts or omissions committed by it or its employees and seeks compensatory and punitive damages, as well as a public apology.

## CLAIM PRECLUSION

The plaintiff has already litigated a case regarding the claims he raises in this complaint. Specifically, the plaintiff proceeded in *Smith v. Husz*, et al., Case No. 07-C-823 (E.D. Wis.), on claims of retaliation and conspiracy to retaliate. The defendants in that case included the four defendants named here. The allegations in the plaintiff's Amended Complaint, filed January 24, 2008, are nearly identical to the complaint in this action. In the earlier case, the Amended Complaint was screened and the plaintiff was allowed to proceed on claims of retaliation and conspiracy to retaliate. The parties then conducted discovery and briefed cross-motions for summary judgment, and the court entered judgment in favor of the defendants on August 14, 2009.

The doctrine of claim preclusion bars relitigation of a claim decided on the merits in a prior lawsuit involving the same parties or their privies. *Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Claim preclusion, also known as *res judicata*, applies to bar a second suit in federal court where there exists: (1) an identity of the claims; (2) an identity of the parties (or their privies); and (3) a final judgment on the merits. *See Ross ex rel. Ross v. Bd of Edud. of Tp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). "Once these elements are satisfied, claim preclusion 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in

-5-

Case 2:09-cv-00432-JPS   Filed 02/22/10   Page 5 of 7   Document 8

that action.'" *Kratville v. Runyon*, 90 F.3d 195, 197-98 (7th Cir. 1996) (quoting *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).

Moreover, "[a] complaint that seeks to relitigate previously dismissed claims is frivolous within the meaning of § 1915(d). *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Philips v. Carey*, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). To allow plaintiff to proceed with a multiplicity of claims alleging inadequate and crowded conditions of confinement which have already been addressed by this court and dismissed on their merits is a waste of judicial time." *Horton v. Thomas*, 1996 WL 68013 (N.D. Ill. 1996).

All of the plaintiff's claims in this case were litigated in his earlier case. As such, they will be dismissed. To the extent the plaintiff seeks to put new labels on his claims, they still arise out of the same nucleus of facts and also will be dismissed because they could have been brought as part of that action. *See Kratville*, 90 F.3d at 197-98.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to consolidate cases (Docket #5) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge