TYRONE DAVIS SMITH,

   Plaintiff,
v.                  Case No. 09-CV-432

MILWAUKEE SECURE DETENTION FACILITY,
DONNA COOK, DOROTHY HANDY,
and TROY G. HERMANS,

   Defendants.

# ORDER

  The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint in Milwaukee County Circuit Court, alleging that his civil rights were violated. The defendants removed the case to this court, pursuant to 28 U.S.C. §§ 1441 and 1446. The court then screened the plaintiff's complaint and dismissed the case; judgment was entered the same day. The plaintiff filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which is now before the court.

  Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872,

876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff argues that the court committed an error by not considering his Response to Defendants' Notice of Removal and Petition for Removal of Civil Action to the United States District Court. The plaintiff admits that his federal claims were filed separately in this court, but he asserts that he filed this action in state court in order to pursue his state law claims against the defendants. The plaintiff submits that this court erred when it said that the plaintiff is relitigating issues or claims that have already been presented before the court because the state claims against these parties have not been addressed on the merits. Further, the plaintiff maintains that he "has a constitutional right to file simultaneous lawsuits in state and federal courts if he desire to do so." (Plaintiff's Motion at 3).

The plaintiff's legal assertion is incorrect. As noted in this court's decision and order dated February 22, 2010, "claim preclusion 'bars not only those issues which

were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Kratville v. Runyon*, 90 F.3d 195, 197-98 (7th Cir. 1996) (quoting *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)). The claims in the two cases arise out of the same nucleus of facts, and the plaintiff's state law claims could have been raised as part of his original federal lawsuit. Therefore, he is precluded from bringing them in a separate action, either in federal or state court.

The plaintiff suggests that he "had no other choice but to bring duplicate action in state and federal court to address state and federal claims" because his motion to enjoin state law claims and his motions to consolidate the two cases were denied as moot. However, it appears that the plaintiff's motion to enjoin state law claims was denied as moot because it was filed at the same time as an Amended Complaint that, presumably, could have contained the state law allegations.[1] Then, by the time the plaintiff filed his motions to consolidate, after this case was removed to federal court, the cases were at vastly different stages of litigation. In Case No. 07-823, the motion to consolidate was denied as part of the order resolving the parties' cross-motions for summary judgment. At that time, the plaintiff's complaint in this case had not yet been screened.

---

[1] The plaintiff filed the complaint in Case No. 07-823 on September 13, 2007, but he did not file this complaint in state court until March 13, 2009. By that time, the motions for summary judgment in Case No. 07-823 were already filed and fully briefed.

-3-

Finally, the plaintiff contends that the court cannot assess a strike against the plaintiff under 28 U.S.C. § 1915(g) because the mandate section of the order did not explicitly state that the case was dismissed with prejudice. He attempts to make use of the inference that, where it is not specified, a dismissal is assumed to be without prejudice. *See, generally, McLean v. U.S.*, 566 F.3d 391, 396-97 (4th Cir. 2009). Here, however, though the order did not say denied *with prejudice*, the dismissal was accompanied by a direction to the Clerk of Court to prepare a judgment, the references to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and the explicit direction that the Clerk of Court "document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g)." The court found that the complaint failed to state a claim, a finding that constitutes adjudication on the merits for the purpose of claim preclusion. *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009). In any event, the United States Court of Appeals for the Seventh Circuit has stated that whether the court entering a dismissal calls it a strike is merely a "housekeeping matter"; it is for the court granting or denying leave to proceed *in forma pauperis* to determine whether a dismissal counts as a strike under § 1915(g). *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir.2002).

The plaintiff has not demonstrated a manifest error of law or fact necessitating alteration of the judgment in this case. Nor has he shown that reconsideration is necessary to prevent a manifest injustice. *See Moro*, 91 F.3d at 876.

Accordingly,

-4-

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #10) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge